UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Nicole Lynn Martini,
 *aka* Nicole Lynn Patterson,

Debtor.

Chapter 13

Case No. 19-43693

## ORDER DENYING RELIEF FROM STAY

This case is before the court on the motion of Toyota Motor Credit Corporation for relief from the automatic stay imposed by 11 U.S.C. § 362(a). Pursuant to the agreement of the parties, as of July 28, 2020, the debtor is due and owing for the months of January 10, 2020 to July 10, 2020 in the amount of $412.93 per month; plus $431.00 in attorney fees and costs; for a total delinquency of $3,321.51.

Further, pursuant to the agreement of the parties:

1. The debtor agrees to pay $1,660.75 to Toyota Motor Credit Corporation, in the form of certified funds, to be received on or before Thursday, August 20, 2020. The debtor agrees to hand-deliver this first cure payment, payable to Toyota Motor Credit Corporation, to movant's attorneys at the following address:

    **WILFORD, GESKE & COOK, P.A.**
    **Attorneys at Law**
    **7616 Currell Blvd., Suite 200**
    **Woodbury, MN 55125**

2. The debtor further agrees to pay the remaining balance of $1,660.76 directly to Toyota Motor Credit Corporation:

    Six monthly cure payments as follows:

    | | |
    |---|---|
    | -August 31, 2020 | $276.79 |
    | -September 30, 2020 | $276.79 |
    | -October 31, 2020 | $276.79 |
    | -November 30, 2020 | $276.79 |
    | -December 31, 2020 | $276.79 |
    | -January 31, 2021 | $276.81 |

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *08/20/2020*
Lori Vosejpka, Clerk, by LH

1

3. The debtor agrees to continue to pay regular monthly post-petition payments on this account as and when such payments become due, **commencing August 10, 2020**. The debtor also agrees to remain current with the trustee.

4. If the debtor fails to make any of the future regular monthly post-petition payments, or any cure payments as and when due, the debtors agree Toyota Motor Credit Corporation may be entitled to seek relief from the automatic stay upon expiration of ten calendar days after service by U.S. Mail of an affidavit of default upon the debtor and the debtor's attorney; and upon failure by the debtor to cure the same.

5. The debtor agrees that if a default notice issues and the default is cured within the ten days allowed, Toyota Motor Credit Corporation will be entitled to $200.00 as compensation for attorney fees incurred for the notice. The debtors agree that Toyota Motor Credit Corporation may be entitled to seek relief from the automatic stay immediately upon the third default by the debtor.

6. The debtor agrees that Toyota Motor Credit Corporation may also be entitled to seek relief if the case is converted to a Chapter 7 case.

IT IS ORDERED:

The motion is denied.

Dated: August 20, 2020

/e/ Kathleen H. Sanberg
United States Bankruptcy Judge